**In the United States Court of Appeals for the Fourth Circuit**

| United States of America | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 23-4179 |
| | ) | |
| Darryl Colton Frazer | ) | |

**Appellant's Reply in Support of Motion to Expedite**

Responding to the pandemic-related delays that have caused Mr. Frazer to serve two-thirds of his sentence, the Government asks this Court to become inured to such delays. The Court should reject such cynicism and embrace the tools available to craft case-specific relief.

We do not ask the Court to bump any other case from its calendar. Rather, if an argument slot should open, and if the Court considers this case worthy of argument, we offer to fill that slot. Or if the Court is open to Zoom arguments, we raise our hand. Such flexibility would help to relieve the congestion the Government cites in its opposition.

The Government takes two passing shots on the merits. The Government "sees no issues raised by Appellant's brief that would justify prioritizing it above other criminal appeals," and "in the government's view, the appeal lacks merit in any event." Doc. 37 at 1-2.

Implicit is that the Court should trust that, if this appeal had potential merit, the Government would say so. On that point, we note that the Government also:

- relies on a narrow reading of *United States v. Buster*, 26 F.4th 627 (4th Cir. 2022), that the district court recently rejected in an order that the Government did not appeal (Reply Br. at 6);

- argues abandonment without citing this Court's controlling precedents, *United States v. Small,* 944 F.3d 490, 502 (4th Cir. 2019), and *United States v. Ferebee*, 957 F.3d 406, 413 (4th Cir. 2020) (Reply Br. at 8);

- repeatedly argues reasonable suspicion to stop Mr. Frazer's companion, in direct conflict with *United States v. Peters*, 60 F.4th 855, 867 (4th Cir. 2023), and *United States v. Black,* 707 F.3d 531, 539 (4th Cir. 2013) (Reply Br. at 19-21); and

- argues the officers' subjective beliefs, despite the "purely objective standard" under *United States v. Hassan El,* 5 F.3d 726 (4th Cir. 1993) (Reply Br. at 24-25).

The Government's discussion of the Fed. R. App. P. 2 commentary overlooks Rule 45(b)(2)'s directive to prioritize criminal appeals. That

2

directive helps to guard against due process violations from delays in criminal appeals. *See Betterman v. Montana,* 578 U.S. 437, 439 (2016).

The Court has the power to mitigate the delays in this case by expediting its decision whether to hold argument and, if so, by scheduling this case for any argument slot that may become available. We ask the Court to exercise its discretion to do so.

Respectfully submitted:

/s/ *Steven M. Klepper*
Steven M. Klepper
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
sklepper@kg-law.com

*Counsel for Appellant*

## Certificate of Service

I hereby certify that, on October 10, 2023, I filed a copy of this motion with the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ *Steven M. Klepper*
Steven M. Klepper

3